

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER OF ABATEMENT

Appellate case name:          Lavoshae Wygal v. The State of Texas

Appellate case number:      01-15-00771-CR

Trial court case number:     1980566

Trial court:                          County Criminal Court at Law No. 10 of Harris County

On September 2, 2015, appellant, Lavoshae Wygal, through counsel, requested the preparation of the clerk's and reporter's records for appeal. On October 6, 2015, the clerk's record was filed in this Court. On December 9, 2015, because the reporter's record had not yet been filed in this Court, the Court ordered Bonnie Rodriguez, the official reporter for the trial court, to file the record within 30 days of that order. However, because it appeared from the clerk's record that Vanessa C. Owens had filed a deputy reporter statement on August 14, 2015, indicating that she had been designated to take the record in this case, the Clerk of this Court requested that Ms. Owens file the record on January 27, 2016. To date, no reporter's record has been filed.

Accordingly, we sua sponte **abate** and **remand** this appeal for the trial court to immediately conduct a hearing, within **30 days** of the date of this order, to determine if the reporter's record of the trial is lost or destroyed, whether the record is necessary to the appeal's resolution and, if it cannot be replaced by agreement of the parties, whether appellant is entitled to a new trial. *See* TEX. R. APP. P. 34.6(f)(2)-(4).

Vanessa C. Owens, or the substitute reporter, a representative of the Harris County District Attorney's Office, and appellant's counsel, Cheri Duncan, shall be present and appellant shall be present in person. If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the

At the hearing, if the trial court determines that the reporter's record is not lost or destroyed, it should set a date certain, in no event more than **30 days** from the date of the hearing, for the record to be filed in this Court. If the reporter's record is lost or destroyed, findings of fact and conclusions of law are to be filed to that effect with this Court within **30 days** of the date of the hearing.

The court coordinator of the trial court shall set a hearing date no later than **30 days** from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Clerk of this Court no later than **30 days** from the date of the hearing. If the hearing is conducted by video teleconference and electronically recorded, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **within 30 days of the date of the hearing**.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record, the reporter's record, and supplemental reporter's record, if any, that comply with this Order, are filed in this Court.

It is so **ORDERED**.

Judge's signature: _/s/ Evelyn V. Keyes
☒ Acting individually

Date: March 3, 2016

---

State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.